USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/05/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAZEM KARABEBER,

        Plaintiff,

-against-

MEMORIAL SLOAN KETTERING
CANCER CENTER, et al.,

        Defendants.

19-CV-6073 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

      The Court has received and reviewed the parties' joint letter dated December 2, 2019 (Dkt. No. 39), in which they disagree as to the appropriate terms for a protective order governing discovery in this action. Defendants propose language that would permit them to designate as "Confidential" (subject to a later challenge procedure) all personnel files maintained by defendant Memorial Sloan Kettering Cancer Center (MSKCC), including plaintiff's, and all of MSKCC's "email records," regardless of content. *See* Prop. Stip. Prot. Order (Dkt. No. 39-1), ¶¶ 2(a), 2(b).

*Personnel Files*

      Defendants argue that MSKCC's personnel files "are typically not made available" to former employees, and that in plaintiff's case his file contains "confidential information about [MSKCC's] policies and practices, as well as information about the clinical trials he audited." Joint Ltr. at 2. Defendants then offer that, notwithstanding the broad language they propose, they do not intend to designate plaintiff's personnel files as "Confidential" except for the portions containing nonpublic information "about the audits of clinical trials." *Id*. at 2-3. Plaintiff to objects to any designation of any portion of his personnel files as "Confidential" because he wishes to "keep my personnel file after the close of this litigation," Joint Ltr. at 1, which under the terms of the proposed Protective Order would not be possible with respect to the portions designated

"Confidential." Prop. Stip. Prot. Order ¶ 15. Plaintiff also argues that his performance appraisals, which are part of his personnel file, are "very important for my complaint." *Id*. at 2.

Defendants' proposed language sweeps too broadly. Having conceded that they only seek to designate a portion of plaintiff's personnel file as "Confidential," they cannot justify the provision they drafted, which would, by its terms, categorically presume that all such files are properly so designated, even when requested by – and produced to – an employee seeking his own file. Plaintiff's objection, however, is premature, as neither he nor the Court has seen the portions of his file that defendants believe to warrant confidential treatment. *See Closed Joint Stock Co. "CTC Network," v. Actava TV, Inc.*, 2016 WL 1364942, at *4 (S.D.N.Y. Mar. 28, 2016) ("Where the materials to be produced include a mix of protectable and non-protectable documents, the initial determination as to what is and is not 'confidential' is ordinarily made by the producing party, which must review its documents and make a good-faith determination as to which of them meet the standards of Rule 26(c)(1)(G)."). If, upon review, plaintiff believes that defendants have over-designated documents (or portions thereof) as confidential, he may object and, if necessary, seek a court ruling informed by the actual content of the contested documents. *See* Prop. Stip. Prot. Order ¶ 7. Moreover, even materials that are properly designated "Confidential" during discovery may lose their protected status during motion practice or at trial, *see id*. ¶¶ 8-9, in which case plaintiff's concern about keeping copies would become moot. In the meantime, nothing in the proposed protective order will prevent plaintiff himself from reviewing and relying on his personnel file in this action.

### *Email Records*

Defendants' proposed language concerning MSKCC's email records is also overbroad. The party seeking a protective order "must also show good cause for restricting dissemination on the

ground that it would be harmed by its disclosure." 8A Charles Alan Wright, Arthur Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2043 (3d ed. 2010). The showing of harm may not be couched in generalities; the party resisting unfettered disclosure must demonstrate a "clearly defined" and "specific" injury which is "serious" or "significant." *See John Wiley & Sons. Inc. v. Book Dog Books, LLC,* 298 F.R.D. 184, 186–87 (S.D.N.Y. March 26, 2014) (collecting cases). Here, defendants make no showing at all as to why all of MSKCC's email records require presumptively confidential treatment. Nor it is obvious to the Court that all (or even most) emails relevant to this action would meet the standards of Rule 26(c)(1)(G).

The parties having failed to agree, the Court will issue an appropriate Protective Order pursuant to Fed. R. Civ. P. 26(c).

Dated: New York, New York
December 5, 2019

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**